AF APPROVAL _KL for JAM_  CHIEF APPROVAL _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:22-cr-371-JSM-AAS

ALEXANDER LESZCZYNSKI

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Alexander Leszczynski, and the attorney for the defendant, Ronald J. Kurpiers, II, mutually agree as follows:

**A.  Particularized Terms**

1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One and Two of the Indictment. Count One charges the defendant with murder-for-hire, in violation of 18 U.S.C. § 1958. Count Two charges the defendant with obstruct or impede due administration of justice, in violation of 18 U.S.C. § 1503(a).

2. Maximum Penalties

Count One and Count Two carry a maximum sentence of up to 10 years imprisonment, a fine of $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100 per felony count for individuals. With respect to certain offenses, the Court shall order the defendant to make restitution to

Defendant's Initials _AL_

any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

First: The defendant used the mail or any facility of interstate or foreign commerce;

Second: The defendant did so with the intent that a murder be committed in violation of the laws of the United States or State of Florida; and

Third: As consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value.

The elements of Count Two are:

First: There was a proceeding before this Court; and

Second: The defendant knowingly and corruptly tried to obstruct or impede the due administration of justice in that judicial proceeding.

4. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States

Defendant's Initials 

2

Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5. <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

6. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials *AL*  3

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 981 (a)(1)(c) and 924(d), and 28 U.S.C. §2461 (c), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds,

Defendant's Initials _AL_

4

including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8

Defendant's Initials _AL_

5

will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be

Defendant's Initials _AL_

6

binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

**B. Standard Terms and Conditions**

    1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.



Defendant's Initials AL

7

2.  Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.  Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.  Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Defendant's Initials 

8

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _AL_

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the

Defendant's Initials _AL_

10

defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the

Defendant's Initials _AL_

11

concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials AL

12

11. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

On or about October 7, 2020, while within the Middle District of Florida, Alexander Leszczynski filed with the Clerk of Court for Pinellas County a warrant deed purporting to transfer a parcel of property in Redington Shores, Florida from its rightful owners, Victim 1 and Victim 2, to Aura, a fictitious corporate entity that Leszczynski controlled. Since discovering the fraudulent deed, Victim 1 and Victim 2 have engaged in civil litigation in an attempt to correct the deed. As a result, they have received inflammatory and threatening communications from Leszczynski.

In April 2022, a grand jury in the Middle District of Florida charged Leszczynski with the fraud, including fraud related to the property owned by Victim 1 and Victim 2, and monetary instrument violations in case, *United States v. Alexander Leszczynski*, 8:22-cr-155-MSS-SPF. He was arraigned on May 17, 2022, and detained by United States Magistrate Judge Anthony E. Porcelli. At the time that the facts from the instant indictment arose, Leszczynski's fraud case was set for trial on the October trial calendar with United States District Judge Mary S. Scriven. Both

Defendant's Initials AL

13

Victim 1 and Victim 2 were complainants against Leszczynski and could be called as witnesses against him in his trial.

In August 2022, the FBI became aware that while incarcerated at the Pinellas County jail, Leszczynski was seeking help to locate a hitman to kill Victim 1 and Victim 2. Leszczynski reported to a confidential informant (CI) that he had $45,000 hidden at his residence available to pay someone to kill the victims. Leszczynski relayed to the CI that the criminal case would have to be dropped if the victims were dead.

After speaking with the FBI, the CI agreed to put Leszczynski in contact with a purported hitman. The hitman was an undercover FBI agent (UC). On September 8, 2022, the CI contacted the UC using the CI's jail personal identification number (PIN) for the Global Tel-link phone system. After a brief hello to the UC, the CI passed the phone to Leszczynski. The UC asked Leszczynski what he needed help with. Leszczynski gave the UC the victims' names, correct spelling, and their address. The UC asked Leszczynski if he wanted an accident and Leszczynski said whatever is the best option.

Leszczynski also offered the UC $30,000 for "college tuition." The UC requested $15,000 up front and $15,000 once the acts were done. Leszczynski told the UC that he would have to figure out how to get the money to the UC. The UC made it clear that Leszczynski wanted the victims dead.

Defendant's Initials AL

14

> UC: You're in Florida, alright man. So, I need 15, I need 15 Gs up front to do this. Umm, I just want to make sure like when this is done, this is done.
>
> AL: Umm hmm, correct.
>
> UC: They're gone. You understand that, right?
>
> AL: Correct, yes.
>
> UC: You don't want them hurt, right?
>
> AL: Correct, I understand.
>
> UC: You want them dead?
>
> AL: Yes.
>
> UC: Alright, cause I can't dig them up. When it's done, it's done.
>
> AL: Correct, yes. I understand.
>
> UC: Alright, who, who can I contact in Tampa about that 15 G?
>
> AL: Umm, I'll have somebody uhh reach out.

The phone call was disconnected shortly after the above exchange. Agents were able to observe the CI and Leszczynski on the phone with the UC using the jail's CCTV system.

The following day, the CI again used his PIN for the Global Tel-link phone system to call the UC. After a brief hello, the CI gave Leszczynski the phone. The UC confirmed that it was Leszczynski on the phone that day and the day before. Leszczynski gave the UC a Google search term to find a picture of one of the victims. He gave the UC a physical description and approximate age of that victim. Leszczynski then told the UC to go to a specific Twitter page to locate a picture of the other victim. He also gave a physical description of that victim.

Defendant's Initials _AL_

15

Leszczynski then told the UC that he is trying to get the money together to hire him. The UC stated that he trusted the CI and would agree to kill the victims with the promise that he would be paid. Leszczynski agreed to pay $30,000 for college tuition "as soon as this whole thing is done." The following excerpts are taking from the recorded conversation between the UC and Leszczynski on September 9, 2022.

UC: [CI]'s my boy. I trust [CI]. Umm, I'll do this on credit for you if you want but this is with the understanding that I'm going to get paid.

AL: Correct. Ok.

UC: You're good with that?

AL: Yes, I'm good with that.

UC: Alright so, reme, remind me what you're paying me? Cause I just want to hear this one more time.

AL: The full amount is 30 thousand dollars. For college tuition.

UC: Ok. Alright and you're going to pay this as soon as this whole thing is done. Correct?

AL: Yes, yes sir.

UC: [Victim 1] and [Victim 2], both of them, gone. Completely gone.

AL: Correct, [Victim 1], [Victim 2]. The address was [Victims' address]. You can look up the house on Google.

Defendant's Initials 

16

\*\*\*

UC: I mean it's gonna get done. As soon as this phone call done, over with it's gonna be done.

AL: Ok.

UC: Understand that?

AL: Yes.

UC: Alright, you're good with this then, right?

AL: Yes, yes. They're pedophiles and sex offenders.

UC: So, you want them dead because of it.

AL: Yes

\*\*\*

UC: Ok well I'll, Google that. Umm, 30 Gs, [CI] will cover it. Umm so when, again when we hang up right now cause if something were to get cut off just realize,

AL: Ok, yea.

UC: This is done at this point.

AL: Correct, yes there's one minute left probably thirty seconds. Remember to find a picture of [Victim 2] and more pictures, more, like better angles of [Victim1] and [Victim 2]. Google [Victims' relative] Twitter.

UC: umm hmm

AL: And look up the Twitter page it will be like a blonde female, it's a relative and you'll see pictures of all of them. You would have to go through...

Defendant's Initials _AL_

17

UC: Alright man.

AL: A couple pictures, ok?

UC: We'll, we'll find them. Alright man.

AL: Ok.

UC: Done

AL: Alright thank you. Thirty-thousand.

UC: Yep, bye.

AL: Thank you. Have a great day.

The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea. The parties acknowledge that the government and the defendant have also negotiated a separate plea agreement with respect to case number 8:22-cr-155-MSS-SPF.

Defendant's Initials 

13.  Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 17th day of November, 2022.

ROGER B. HANDBERG
United States Attorney

_____
Alexander Leszczynski
Defendant

Shauna S. Hale
Assistant United States Attorney

_____
Ronald J. Kurpiers, II, Esq.
Attorney for Defendant

James C. Preston, Jr.
Assistant United States Attorney
Chief, Violent Crimes and Narcotics Section